Following a jury trial, the defendant was convicted of assault and battery by means of a dangerous weapon causing serious bodily injury, and assault and battery by means of a dangerous weapon. In this appeal, he argues that the trial judge erred in delivering the jury instructions, that there was insufficient evidence to support his conviction, and that the judge abused her discretion in refusing to allow an expert witness. We affirm.
1. Jury instruction. The defendant claims the judge erred as a matter of law or abused her discretion in giving a vague or confusing jury instruction on the definition of "permanent disfigurement." We disagree.
We review the judge's jury instructions for abuse of discretion, which occurs when a judge makes " 'a clear error of judgment in weighing' the factors relevant to the decision ..., such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). A judge has discretion in fashioning jury instructions and any legally sound supplemental clarification thereafter that would be helpful to the jury. Commonwealth v. Robinson, 449 Mass. 1, 7-8 (2007).
Here, after some deliberations, the jury requested additional clarification on the meaning of serious bodily injury under G. L. c. 265, § 15A(c ), and the difference in severity between the three methods of proving serious bodily injury. The judge again read the statutory definition of serious bodily injury, read the Black's Law Dictionary and Webster's Dictionary definitions of disfigurement, and gave two examples of loss or impairment of a bodily function, limb, or organ. Because "permanent disfigurement" is statutorily undefined, and its precise meaning has not been elaborated upon in subsequent case law, the judge's reliance on dictionary definitions was within her discretion. See Commonwealth v. Walker, 442 Mass. 185, 194-195 (2004). The definitions fall within the term's ordinary and approved usage, and providing them to the jury did not constitute error. See Commonwealth v. Scott, 464 Mass. 355, 358 (2013).
2. Sufficiency of the evidence. The defendant next claims that the trial judge should have entered a required finding of not guilty because the Commonwealth failed to prove serious bodily injury.[3] We disagree. In assessing the sufficiency of the evidence, this court views the evidence in the light most favorable to the Commonwealth with specific reference to the substantive elements of the offense. See Jackson v. Virginia, 443 U.S. 307, 324 n.16 (1979) ; Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). Here, to receive a penalty enhancement under G. L. c. 265, § 15A(c ), the Commonwealth must prove assault and battery by means of a dangerous weapon that results in serious bodily injury. See Commonwealth v. Beal, 474 Mass. 341, 345 (2016). Serious bodily injury is defined in § 15A(d ) as "bodily injury which results in a permanent disfigurement, loss or impairment of a bodily function, limb or organ, or a substantial risk of death." G. L. c. 265, § 15A(d ), as amended through St. 2002, c. 35, § 2.
The defendant argues that permanent disfigurement was not established by the evidence. The defendant relies on Scott, supra, to claim that, absent medical expert testimony, the jurors could only speculate as to the meaning of the medical records. This is misplaced. In Scott, the only evidence introduced to prove a purported serious bodily injury was the victim's medical records, which contained complex medical jargon, for example, "grade II hepatic laceration" and "free fluid." Id. at 362-363. Such terms are outside the common understanding of lay jurors. Id. at 364.
Here, however, in addition to the victim's medical records, the Commonwealth introduced testimony of an emergency paramedic who treated the victim and the victim's own testimony, in which he described his lasting discomfort from the injuries and allowed the jury to visually inspect his back and wrist scars. "Jurors are permitted to draw reasonable inferences from the evidence based on their common sense and life experience." Commonwealth v. Beal, supra at 346. Ample evidence was introduced to support the jury's reasonable inference of serious bodily injury based on the victim's permanent disfigurement.[4]
3. Expert testimony. Finally, the defendant alleges that the judge abused her discretion by not permitting his expert witness to testify. Again, we disagree. As represented in the defendant's brief, the judge denied the defendant's motion to reconsider on alternative grounds, concluding that it was "untimely and irrelevant." Although the judge gave alternative justifications for her decision, the defendant's brief has only claimed error in the judge's determination that the testimony was not relevant and it failed to address the judge's alternative ground of the untimeliness of the disclosure of the expert's testimony.[5] In this posture, the defendant has essentially conceded that the evidence was not timely and the claim is waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).
Judgments affirmed.

The parties dispute whether trial counsel properly moved for a required finding of not guilty encompassing this charge. Because we find the evidence to be sufficient, reversal would not be warranted under either standard of review. See Commonwealth v. Ragland, 72 Mass. App. Ct. 815, 836 n.16 (2008).

The defendant also claims that counsel provided ineffective assistance for not moving for a required finding of not guilty. Because we find the evidence sufficient to support a conviction, we need not reach that issue.

The judge was properly within her discretion to exclude the expert testimony. Disclosure of intended expert opinion evidence is timely when parties to a criminal trial provide such information prior to the pretrial conference. Mass.R.Crim.P. 14(a)(1)(A)(vi), as amended, 444 Mass. 1501 (2005). The defendant's filing of the expert's statement on March 23, 2015, i.e., the second day of the first trial, was untimely.